UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLOYD JENNINGS,

    Plaintiff,

v.                                                               Case No. 2:05-cv-112
                                                                 HON. GORDON J. QUIST

ROBERT WICKSTROM, et al.,

    Defendants.
_____/

## OPINION AND ORDER MODIFYING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

On March 31, 2006, the magistrate judge issued a report and recommendation to dismiss this action. Plaintiff filed late objections to the recommendation. The court adopted the recommendation and dismissed the case. On appeal, the Sixth Circuit Court of Appeals vacated the dismissal and remanded the case for further proceedings. The Sixth Circuit concluded that plaintiff's "objections would arguably have prevented summary judgment had the district court considered them." The appeals court concluded that the district court should have granted plaintiff's motion for an extension of time to file objections and should have considered plaintiff's objections to the recommendation. Accordingly, the court will consider plaintiff's objections. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

Plaintiff alleges that defendant Wickstrom withheld meal trays from plaintiff in retaliation for two grievances that plaintiff filed against defendant Wickstrom. Plaintiff also alleges that defendant Wickstrom refused to turn on plaintiff's water during shifts that defendant Wickstrom

worked. Defendant Wickstrom has stated that plaintiff did not receive his meal trays because plaintiff was either sleeping at the time the meals were delivered or because plaintiff refused to comply with orders necessary to receive his trays. Defendant Wickstrom denies that he retaliated against plaintiff because plaintiff had filed grievances against defendant. Plaintiff submitted an affidavit from prisoner Charles Geeter dated August 16, 2005. Prisoner Geeter indicated in his affidavit that defendant Wickstrom denied plaintiff his meal trays on December 24, 25, 26 and 30, 2004, and March 22, 2005. Prisoner Geeter stated that the meals were denied because plaintiff wrote grievances on defendant. Prisoner Geeter stated that "Wickstrom openly admitted this." Based upon the record before the court, a question of fact exists whether defendant Wickstrom retaliated against plaintiff.

Plaintiff alleges that he was denied due process when he was placed on container, water, and upper slot restrictions. The restrictions were imposed after plaintiff flooded his cell by repeatedly flushing his toilet and after plaintiff assaulted staff by throwing urine from containers. Plaintiff's due process claims are denied under *Sandin v. Connor*, 515 U.S. 472, 115 S. Ct. 2293 (1995), because the restrictions imposed on plaintiff are not atypical and significant in relation to the ordinary incidents of prison life. Moreover, plaintiff received all the due process required prior to his placement on these restrictions. Similarly, defendant Phillipson is dismissed from this action because plaintiff cannot sue a defendant merely because the defendant has supervisory authority. *Polk Co. v. Dodson*, 454 U.S. 312, 102 S. Ct. 445 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978).

Plaintiff has filed a motion to vacate the July 11, 2006, court order taxing costs (Docket #72). Plaintiff's motion (Docket #76) is GRANTED. Defendants shall redeposit into

plaintiff's prison account any money taken from plaintiff's account as a result of the July 11, 2006, order taxing costs.

ACCORDINGLY, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as modified by the opinion of the court.

IT IS FURTHER ORDERED that all of plaintiff's claims, except for plaintiff's retaliation claims against defendant Wickstrom, are DISMISSED.


Dated:  March 30, 2007                              /s/ Gordon J. Quist
                                                                  GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE