UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLOYD JENNINGS                              )
                                            )
        *Plaintiff*,                        )
v.                                          )        Case No. 2:05-cv-112
                                            )        *Hon. R. Allan Edgar*
ROBERT WICKSTROM, et al.                    )
                                            )
        *Defendants*.                       )

**MEMORANDUM**

Plaintiff Floyd Jennings moves for a new trial in this action.  Defendant Robert

Wickstrom opposes the motion on the merits and due to its being untimely filed.  The court has

reviewed the record and the arguments of the parties and concludes that Plaintiff's motion is

without merit and will be **DENIED**.

## I.      Background

Plaintiff's claims against Defendant under 42 U.S.C. § 1983 regarding retaliation in

violation of the First Amendment to the U.S. Constitution were heard by a jury on August 22,

2007.  The jury entered a verdict in favor of the Defendant on August 23, 2007.  This court

entered judgment in favor of the Defendant that same day.  This court received Plaintiff's motion

for a new trial on September 10, 2007.  [Court Doc. No. 180].  Plaintiff asserts that he gave it to

the prison personnel for filing on September 6, 2007.  [Court Doc. No. 182].  Defendant asserts

that Plaintiff's motion for a new trial is untimely pursuant to Fed. R. Civ. P. 59.

Plaintiff claims in his motion for a new trial that he was prejudiced because he was forced

to sit at the table furthest away from the jury box in the courtroom during his trial.  He claims

that if he had been able to see the jurors more clearly and if he had been able to make eye contact with them, he would have won his case.

## II.    Analysis

Federal Rule of Civil Procedure provides that: "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; . . ." Fed. R. Civ. P. 59(a). Such a motion must be filed "10 days after entry of the judgment." Fed. R. Civ. P. 59(b). The deadline for Plaintiff's filing of a motion for a new trial pursuant to Rule 59 was September 6, 2007. This court did not receive Plaintiff's motion until September 10, 2007. Defendant claims that Plaintiff's motion is untimely. Plaintiff claims that he placed the motion in the prison mail system on September 6, 2007. Plaintiff is thus attempting to use the prisoner "mailbox rule" recognized in Federal Rule of Appellate Procedure 4(c).

Federal Rule of Civil Procedure 60 further allows for relief from a judgment or order. The Rule states in relevant part:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceedings for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, release, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Rule 60(b) does not have a 10-day time limitation, thus if Plaintiff's

-2-

motion is construed as a motion pursuant to Rule 60(b), his motion is not untimely.

The court does not need to decide whether Plaintiff's motion is timely pursuant to Rule 59 or whether his motion is a Rule 60 motion instead.  Plaintiff's motion fails on the merits under Rule 59 or Rule 60 as a matter of law.

The Sixth Circuit has found that courts interpret the language of Rule 59 to warrant a new trial "when a jury has reached a 'seriously erroneous' result as evidence by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir.), *cert. denied*, 519 U.S. 935, 117 S.Ct. 312, 136 L.Ed.2d 228 (1996).  Plaintiff does not argue that the verdict was against the weight of the evidence, nor could he do so.  The court finds that the weight of the evidence was in Defendant's favor.  Nor can Plaintiff claim that any damages were excessive.  His only possible argument under Rule 59 is that he was prejudiced by the seating arrangement in the courtroom and by his inability to make sufficient eye contact with the jurors.  Plaintiff cites to no legal authority suggesting that being seated at the table furthest away from the jurors causes prejudice to a party with the burden of proof.  Nor has this court been able to locate any such legal precedent.

Plaintiff asserts without any support in the record that he would have won his case had he been seated at the table closer to the jurors.  Such speculation does not raise any issue of fact regarding whether he was prejudiced.  The jurors heard two days of testimony regarding Plaintiff's First Amendment retaliation claims, and the evidence clearly demonstrated that Plaintiff did not prove the elements necessary to state such a claim.  Thus, Plaintiff's motion for

a new trial based on Rule 59 is without merit.

Under Rule 60, the grounds for relief are narrow, and as the Sixth Circuit has noted, "[m]ost of the grounds for relief relate to, if not require, new information about the case that could not reasonably have been discovered earlier." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007). In addition, the "'public policy favoring finality of judgments' limits the availability of relief under the rule." *Id.* (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Plaintiff does not state any of the reasons necessary to obtain relief under Rule 60. As Defendants point out, Plaintiff could have raised his concerns regarding the seating arrangement on several different occasions during the trial, but he did not do so. He does not demonstrate newly discovered evidence that would have changed the outcome of the trial. Nor does he demonstrate mistake, inadvertence, surprise, or excusable neglect. He does not assert fraud or any of the other grounds for relief from the judgment pursuant to Rule 60.

Because Plaintiff cannot demonstrate any prejudice or any other grounds for a new trial, his motion must be **DENIED**. Plaintiff also claims that this court never ruled on his motion to compel. [Court Doc. No. 121]. However, the docket demonstrates that this court denied Plaintiff's motion to compel on July 27, 2007. [Court Doc. No. 148]. Plaintiff's contentions relating to his lack of evidence to present to the jury are without merit.

### III.    Conclusion

Plaintiff's motion for a new trial will be DENIED.

A separate order will enter.

Dated: 10/19/07 _____ */s/ R. Allan Edgar* _____

R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE